IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-333-RJ

| | |
|---|---|
| CYNTHIA CHRISTOPHER,<br><br>    Plaintiff/Claimant,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | ORDER |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-20, -22] pursuant to Fed. R. Civ. P. 12(c). Claimant Cynthia Christopher ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for a period of disability and Disability Insurance Benefits ("DIB"). Claimant filed a response to the Commissioner's motion [DE-24], the time for filing further briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings is allowed, Defendant's Motion for Judgment on the Pleadings is denied, and the matter is remanded to the Commissioner pursuant to sentence four of § 405(g) for further proceedings.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability and DIB on May 24, 2016, alleging disability beginning August 1, 2014. (R. 12, 159–60 ). Her claim for a period of disability and DIB was denied initially and upon reconsideration. (R. 12, 56–80). A hearing before

the Administrative Law Judge ("ALJ") was held on May 17, 2018, at which Claimant, represented by a counsel, and a vocational expert ("VE") appeared and testified. (R. 12, 31–55). On August 22, 2018, the ALJ issued a decision denying Claimant's request for benefits. (R. 9–30). The Appeals Council denied Claimant's request for review on June 6, 2019. (R. 1–6). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d

438, 439–40 (4th Cir. 1997).

### III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy that the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(3).

In this case, Claimant alleges the ALJ's decision violates *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019) because the ALJ failed to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Pl.'s Mem. [DE-21] at 8–10.

3

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful activity since August 1, 2014, the alleged onset date. (R. 14). Next, the ALJ determined Claimant had the severe impairments of depression and post-traumatic stress disorder and the non-severe impairments of diabetes mellitus, obesity, Barrett's esophagus, dental decay, hypertension, left knee degeneration, anxiety, and attention deficit hyperactivity disorder. (R. 14–16). At step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16–18). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in moderate limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting and managing oneself, and a mild limitation in interacting with others. (R. 16–17).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform a full range of work with the following non-exertional limitations: she is able to understand and follow short, simple instructions; she can sustain attention at a semi-rapid pace; and she would be off-task ten percent of an eight-hour workday. (R. 18–23). In making this assessment, the ALJ found Claimant's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence in the record. (R. 19).

At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of her past relevant work. (R. 23). Nonetheless, at step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined Claimant was capable of adjusting to

4

the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 24–25).

## V. DISCUSSION

Claimant contends there is an apparent conflict between the VE's testimony that she can perform jobs requiring Reasoning Level 2 or 3 and a restriction to understand and follow short, simple instructions. Pl.'s Mem. [DE-21] at 8–10. The Commissioner argues that there is no apparent conflict between the VE's testimony and the DOT requirement for Reasoning Level 2 or 3 jobs. Def.'s Mem. [DE-23] at 6–14.

Pursuant to S.S.R. 00-4p, the ALJ must "inquire, on the record, . . . whether the vocational expert's testimony conflict[s] with the [DOT], and [the Ruling] also requires that the ALJ elicit a reasonable explanation for and resolve conflicts between the expert's testimony and the [DOT]." *Pearson v. Colvin*, 810 F.3d 204, 207–08 (4th Cir. 2015) (internal quotation marks omitted) (citing S.S.R. 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). However, not "all possible conflicts must be identified and resolved," but rather only "apparent conflicts," i.e., "where the expert's testimony seems to, but does not necessarily, conflict with the [DOT]." *Id.* at 209. The ALJ must elicit from the VE "a reasonable explanation for the apparent conflict," S.S.R. 00-4p, at *4, and the ALJ has not fulfilled his duty to fully develop the record if it "contains an unresolved conflict between the expert's testimony and the [DOT]" or if the ALJ "ignores an apparent conflict because the expert testified that no conflict existed," *Pearson*, 810 F.3d at 210. "An expert's testimony that apparently conflicts with the [DOT] can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the [DOT]." *Id.* at 209–10.

5

The ALJ asked the VE in the first hypothetical to assume an individual who is able to understand and follow short, simple instructions and to sustain attention at a semi-rapid pace. (R. 51). The VE indicated such an individual could perform the jobs of hand packager, laundry worker, and mail clerk. *Id.* The ALJ then asked in a second hypothetical whether those jobs would remain if the individual were off task ten percent of the time, and the VE stated they would. (R. 52). The ALJ inquired whether the testimony in response to the first hypothetical was consistent with the DOT. *Id.* The VE responded that the "DOT does not address an individual's ability to sustain attention, specifically at a semi-rapid pace for two-hour periods at a time. That portion of my testimony is also based on my experience and training." *Id.* The VE also testified that the DOT does not address time off task, and that portion of the VE's testimony was based on experience and training. *Id.* In finding there are jobs that exist in significant numbers in the national economy that Claimant can perform, the ALJ relied on the VE's testimony that an individual with Claimant's RFC, i.e., able to understand and follow short, simple instructions; sustain attention at a semi-rapid pace; and would be off task ten percent of an eight-hour workday, could perform the jobs of hand packager, laundry worker, and mail clerk. (R. 24, 51–52).

The jobs of laundry worker and hand packager require Reasoning Level 2, i.e., the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." DICOT §§ 361.685-018, 920.587.018. The job of mail clerk requires Reasoning Level 3, i.e., the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." DICOT § 209.687-026.

In *Thomas v. Berryhill*, the Fourth Circuit held that an apparent conflict existed between a

6

limitation to "short, simple instructions" and jobs that include "detailed but uninvolved instructions." 916 F.3d 307, 314 (4th Cir. 2019). In *Lawrence v. Saul*, the Fourth Circuit clarified that "'[s]hort' is inconsistent with 'detailed' because detail and length are highly correlated," but there is no conflict between "'simple, routine repetitive tasks of unskilled work' . . . and Level 2's notions of 'detailed but uninvolved . . . instructions' and tasks with 'a few [ ] variables.'" 941 F.3d 140, 143 (4th Cir. 2019). Here, as in *Thomas*, there is an apparent conflict between the ALJ's limitation to short, simple instructions and the requirement to carry out detailed instructions required for the Reasoning Level 2 jobs of laundry worker and hand packager require. *See Johnson v. Saul*, No. 5:18-CV-00152-FDW, 2020 WL 1429244, at *5 (W.D.N.C. Mar. 19, 2020) (finding an apparent conflict between the RFC requirement of "short, simple instructions" and the Reasoning Level 2 requirement of "detailed but uninvolved instructions" required for the jobs identified by the VE including hand packager); *Fincher v. Berryhill*, No. 3:17-CV-00624-RJC, 2019 WL 1317731, at *4 (W.D.N.C. Mar. 22, 2019) (finding an apparent conflict between the Reasoning Level 2 requirements of laundry worker and a limitation to short, simple instructions).

It also stands to reason that there is an apparent conflict between the ALJ's limitation to short, simple instructions and the requirements of the Reasoning Level 3 job of mail clerk. "Since reasoning levels ascend in levels of complexity, *Thomas* therefore stands for the proposition that there is an apparent conflict between jobs requiring Level 2 reasoning *or higher*, and a limitation to 'short, simple instructions.'" *Miles v. Saul*, No. 1:18CV132, 2020 WL 618114, at *5 (M.D.N.C. Feb. 10, 2020) (emphasis added) (finding an apparent conflict between the Reasoning Level 3 requirements of mail clerk and a limitation to short, simple instructions), *adopted by* 2020 WL 1539734 (M.D.N.C. Mar. 31, 2020); *see also Keller v. Berryhill*, 754 F. App'x 193, 198 (4th Cir. Nov. 29, 2018)) "[A]n apparent conflict exists between a limitation to short and simple instructions

7

and Reasoning Development Level 3 occupations."). While the ALJ asked the VE about whether some parts of the hypothetical were consistent with the DOT, he did not inquire about the limitation to short, simple instructions. (R. 51–52). Therefore, the ALJ failed to resolve apparent conflicts between the VE's testimony and the DOT.

The court is not persuaded by the Commissioner's argument that remand is not warranted. First, the cases cited by the Commissioner in support of his argument that there is no apparent conflict in this case all predate *Thomas* and *Keller* and involve an RFC for simple, routine, and repetitive tasks ("SRRTs") rather than the RFC at issue here for "short, simple instructions." Def.'s Mem. [DE-23] at 8, 11 (collecting inapposite cases). Second, the fact that the Claimant's RFC also addresses the pace of work, while the RFC in *Thomas* did not, fails to dictate a different outcome. Pace and complexity are distinct considerations. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) ("[T]he ability to perform simple tasks differs from the ability to stay on task."). Both the claimants here and in *Thomas* were limited to "short, simple instructions," and the Fourth Circuit explained in *Thomas* that "'[s]hort' is inconsistent with 'detailed.'" *Thomas*, 941 F.3d at 143. The fact that Claimant is also capable of sustaining attention at a semi-rapid pace has no bearing. Third, the Commissioner's brief at times addresses the RFC of a different Claimant, "Ms. Riggs," with a different RFC limited to SSRTs. Def.'s Mem. [DE-23] at 9–10. Finally, the fact that Claimant did not discuss the ALJ's consideration of the mental health treatment evidence does not render *Thomas* inapposite. The Fourth Circuit in *Thomas* found the ALJ committed two separate reversable errors: first, the ALJ incorrectly determined the claimant's RFC, and second, the ALJ failed to resolve the apparent conflict in the VE's testimony and the DOT. *Thomas*, 941 F.3d at 311–14. These are independent grounds for remand, and the lack of the first error in this case has no bearing on the second error. *See Johnson*, 2020 WL 1429244, at *5 ("The

8

Commissioner's argument that *Thomas* only applies when there are multiple missteps working in concert is incorrect."). Accordingly, it is recommended that the matter be remanded to allow the ALJ to obtain testimony from the VE in order to resolve the apparent conflict.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-20] is ALLOWED, Defendant's Motion for Judgment on the Pleadings [DE-22] is DENIED, and the matter is remanded pursuant to sentence four of § 405(g) for further consideration.

SO ORDERED, the 9th day of April, 2020.

Robert B. Jones, Jr.
United States Magistrate Judge